UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Case No.: 4:10-cv-00521-JMC

Harold Miles and Debe Demple Miles,           )
                                              )
    Plaintiffs,                               )
                                              )
vs.                                           )
                                              )    **ORDER APPROVING SETTLEMENT**
DESA Heating, LLC and,                        )
DHP Holdings II Corporation,                  )
                                              )
    Defendants.                               )
_____)

On January 10, 2007, Plaintiff, Harold, sustained multiple injuries when his clothing ignited while using an HD 15 propane "tank top" heater manufactured by Defendant, DESA Heating. This incident, as well as Mr. Miles resulting injuries, occurred while he was performing his job duties for Wal-Mart Stores, Inc. in Florence County, South Carolina.

By Summons and Complaint filed January 4, 2010, Mr. Miles and his wife, Debe Demple Miles, commenced the action for damages, alleging state law claims based upon negligence, strict tort liability, breach of warranty and loss of consortium, in the Florence County Court of Common Pleas. Subsequently, per Petition filed March 4, 2010, DESA Heating and co-Defendant, DHP Holdings, II Corporation, removed these actions to this Court. Shortly thereafter, by Answers filed on March 8, 2010, Defendants denied liability as to all allegations and causes of action.

Following receipt of these pleadings the parties engaged in substantial discovery, which necessitated extension of previous deadlines. Additionally, the undersigned considered a Motion for Summary Judgment, ultimately granting Defendants this relief as to Plaintiffs' allegations of failure to warn or instruct, while rejecting their contentions no genuine issue of material fact existed relative to: (a) Plaintiffs' allegations of manufacturing and/or design defects; or (b) their claim for punitive damages.

Pursuant to the agreement of the parties, the undersigned began a bench trial on February 25, 2013 in Columbia, South Carolina. However, following commencement of this proceeding, the undersigned was advised by counsel for the respective parties that they had reached an amicable resolution of both Mr. Miles personal injury and Mrs. Miles consortium claims. Specifically, they have agreed to a full/final settlement of Mr. Miles claim for the sum of One Million One Hundred Twenty-five Thousand and No/100 ($1,125,000.00) Dollars. The parties have also agreed to fully/finally resolve Mrs. Miles' consortium claim for the sum of Three Hundred Seventy-five Thousand and No/100 ($375,000) Dollars.

After receiving this offer, counsel for Mr. Miles have engaged in extensive negotiations with representatives of Wal-Mart Stores, Inc./American Home Assurance Company relative to the distribution of the settlement proceeds attributable to Mr. Miles claim per S.C. Code Ann. Section 42-1-560 (1976, as amended). Their efforts have resulted in an agreement through which the subrogation interest created by this statute shall be fully, finally and conclusively resolved.

In view of this fact, as well as the provisions of Section 42-1-560 (e), Mr. Miles and the workers' compensation subrogation lienholders have jointly requested this Court (during trial proceedings following announcement of the settlement of his personal injury claim) to approve their settlement agreement, through which Wal-Mart Stores, Inc./American Home Assurance Company shall receive the net sum of Two Hundred Fifty Thousand and No/100 ($250,000) in full satisfaction of any subrogation interest/right to reimbursement arising per the South Carolina Workers' Compensation Act or otherwise. Additionally, these parties knowingly/expressly agree: (a) Wal-Mart Stores, Inc./American Home Assurance Company shall remain responsible for the provision of the lifetime medical benefits previously awarded to Mr. Miles per the South Carolina Workers' Compensation Commission's December 15, 2008 Decision and Order, as well as all other relief to which he is currently or may hereafter become entitled

per the South Carolina Workers' Compensation Act as a result of his January 10, 2007 compensable accident in accordance with the terms of the Commission's Order; and (b) Wal-Mart Stores, Inc./American Home Assurance Company shall not be entitled to any additional sums, setoffs, credits, etc. as a result of Mr. Miles' receipt of these liability insurance proceeds.

The parties finally agree that: (a) Plaintiffs' counsel shall be entitled to attorney fees and reimbursement of litigation expenses in accordance with their fee retainer agreements; and (b) these fees and the recovery of litigation expenses shall be assessed against the gross settlement proceeds of One Million One Hundred Twenty-five Thousand and No/100 ($1,125,000.00) Dollars (Mr. Miles) and Three Hundred Seventy-five Thousand and No/100 ($375,000) Dollars (Mrs. Miles), respectively.

As I find the primary parties' settlement of the personal injury and consortium claims, as well as the resolution of the lien(s) maintained by Wal-Mart Stores, Inc./American Home Assurance Company, to be reasonable under the present circumstances, the terms of these agreements are hereby adopted as the Order of this Court.

**IT IS SO ORDERED.**

_____
The Honorable J. Michelle Childs
United States District Judge

2-25, 2013.